UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DE-RON C. HOPKINS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:06CV1190 HEA |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

# **MEMORANDUM AND ORDER**

This matter is before the Court on movant's Motion for Appointment of Counsel, [Doc. No. 2]. There is no constitutional or statutory right to the appointment of counsel in a civil case. *See generally, Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In considering a motion to appoint counsel for an indigent party, the court should "determine whether the nature of the litigation is such that [ the party] as well as the court will benefit from the assistance of counsel." *Id.*, at 1005.

Movant contends that his trial counsel was ineffective in advising him to plead guilty to the charges against him. In his Section 2255 motion, movant sets forth the basis of his motion and delineates the reasons he believes counsel was ineffective. Having considered the factual complexity of the case, the ability of

movant to investigate the facts, the potential existence of conflicting testimony, the ability of movant to present his claim and the complexity of the legal issues involved in this case, *see Johnson v. Williams*, 788 F.2d 1319, 1323 (8th Cir. 1986), the Court concludes that appointment of counsel is not warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that movant's Motion for Appointment of Counsel, [Doc. No. 2], is denied without prejudice.

Dated this 13th day of September, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE