UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DERON C. HOPKINS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | No. 4:06CV1190 HEA |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on movant's Motion under 28 U.S.C. § 2255 by a Person in Federal Custody, [# 1], filed on August 9, 2006. The government has responded to the motion. As grounds for his § 2255 motion, movant alleges that his counsel was ineffective for failing to explore his alibi defense and that his guilty plea was not voluntary.

### **Facts and Background**

Movant was indicted on a one count Indictment on January 27, 2005, charging him with possession of a firearm by a previously convicted felon in violation of 18 U.S.C. § 922(g)(1).

On May 16, 2005, movant appeared with his attorney and entered a plea of guilty. Movant had entered into a Plea Agreement and Stipulation of Facts with the government at the time of his plea. This Agreement was filed with the Court.

At the plea hearing, Hopkins stated under oath that he was fully satisfied with the representation received from his attorney, that his attorney had gone over the Plea Agreement, Guidelines Recommendations and Stipulations with him and that there was nothing in the plea agreement that he disagreed with.

Hopkins admitted on the record that his plea was voluntary and that no one was forcing him to plead guilty. He did not, at any time during the plea voice any concern with his attorney, nor did he otherwise advise the Court that he was not pleading voluntarily.

On August 9, 2005, Movant was sentenced to term of 96 months incarceration. This term is to be followed by a term of two years supervised release. At the sentencing, the Court advised movant of his appeal rights, and noted that most, if not all of those rights had been waived in the plea agreement. Movant waived all rights to contest the conviction or sentence in any post-conviction proceeding, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

### **Standards for Relief Under 28 U.S.C. 2255**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was

without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v. United States*, 368 U.S. 424, 477 n. 10 (1962)).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)(citing 28 U.S.C. § 2255). Thus, a "[movant] is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle [movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996)(quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043.

To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The

defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* __U.S.__, 126 S.Ct. 221 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694.

When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

## **Discussion**

When a defendant waives his appeal and post conviction relief rights in a plea agreement, the waiver will be enforced if it was knowingly and voluntarily made. *DeRoo v. United States,* 223 F.3d 919, 923 (8th Cir.2000) (citing *United States v. Goings,* 200 F.3d 539, 543 (8th Cir.2000)). However, where a movant is arguing in his § 2255 motion that the plea and the waiver were not knowing and voluntary due to ineffective assistance of counsel, then the waiver does not bar the § 2255 claims. *Id.* at 924.

Plea bargaining does not violate the Constitution, even though a guilty plea

waives important constitutional rights. *Newton v. Rumery,* 480 U.S. 386, 393, (1987). It is well-settled that a defendant may affirmatively waive particular constitutional rights. *See Boykin v. Alabama,* 395 U.S. 238, 243 (1969) (right to a jury trial, to confront and cross-examine witnesses, and to the Fifth Amendment privilege against self-incrimination); *Faretta v. California,* 422 U.S. 806 (1975) (right to counsel). There is no constitutional right to appeal; the right to appeal is purely a creature of statute. *Abney v. United States,* 431 U.S. 651, 656, (1977). If defendants can waive fundamental constitutional rights, they are not precluded from waiving procedural rights granted by statute. *United States v. Rutan,* 956 F.2d 827, 829 (8th Cir.1992) (citing *United States v. Wiggins,* 905 F.2d 51 (4th Cir.1990)). Therefore, a defendant may waive certain procedural appellate rights. *Id.* Accordingly, a defendant who pleads guilty and expressly waives the statutory right to raise objections to a sentence may not then seek to appeal the very sentence which itself was part of the agreement. *Id.*

Negotiated waivers of appellate rights and rights to pursue post-conviction relief have been upheld by the Eighth Circuit. *See United States v. Morrison,* 171 F.3d 567, 568 (8th Cir.1999); *United States v. Michelsen,* 141 F.3d 867, 873 (8th Cir.1998); *United States v. His Law,* 85 F.3d 379, 379 (8th Cir.1996); *Rutan,* 956 F.2d at 829. In *DeRoo,* the Eighth Circuit noted that, "[a]s a general rule, we see no

reason to distinguish the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in the plea agreement." 223 F.3d at 923. The chief virtues of a plea agreement are speed, economy and finality. *Id.* at 923. These virtues "are promoted by waivers of collateral appeal rights as much as by waivers of direct appeal rights." *Id.* Waivers preserve the finality of judgments and sentences, and are of value to the accused to gain concessions from the government." *Id.* The Eighth Circuit has determined that a waiver of a right to appeal is enforceable if the waiver is knowingly and voluntarily made, and the sentence imposed is in accordance with the negotiated agreement. *Rutan,* 956 F.2d at 829. The hearing on the change of plea establishes that movant clearly understood that he was giving up his right to appeal his sentence and post conviction remedies.

Movant's claims of ineffective assistance of counsel and that his plea was not truly voluntary are totally undermined by the record before the Court. Movant admitted that he was guilty of the charges and that he understood those charges. He admits that his lawyer explained everything to him and that he was satisfied with counsel's representation. Movant advised the Court that he understood the terms of the Plea Agreement and the Sentencing Guidelines. He further advised that it was his desire to plead guilty and that no one was forcing him to do so. Movant's claims

of ineffective assistance of counsel and coercion in pleading guilty are thoroughly refuted by the record.

## Conclusion

Based upon the foregoing analysis, none of the grounds upon which movant relies entitles him to relief.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to vacate, correct or set aside sentence, [# 1], is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability as movant has not made a substantial showing of the denial of a federal constitutional right.

Dated this 11th day of April, 2007.

_____
    HENRY EDWARD AUTREY
   UNITED STATES DISTRICT JUDGE